

**FILED**

SEP 0 5 2007

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| NORTHERN VALLEY COMMUNICATIONS, LLC, a South Dakota Limited Liability Company, | * * * | CIV 07-1016 |
| | * | OPINION AND ORDER |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| MCI COMMUNICATIONS SERVICES, INC., d/b/a Verizon Business Services, a Delaware Corporation, | * * * | |
| | * | |
| Defendant. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant filed a motion, Doc. 5, to join Global Conference Partners, LLC d/b/a/ Quality ConferenceCall.com ("FreeConference") as a counterclaim defendant. Defendant alleges that plaintiff and FreeConference engaged in a conspiracy to "scam" millions of dollars from defendant through a "traffic pumping" scheme. The alleged scheme resulted in plaintiff's charges to defendant for providing originating and terminating telephone access services. These charges are the basis of plaintiff's complaint against defendant.

Fed. R. Civ. P. 19(a) provides, in part:

> **Joinder of Persons Needed for Just Adjudication**
>
> (a) **Persons to be Joined if Feasible**. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties . . . If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

Joinder of FreeConference would not deprive this court of jurisdiction.

The Advisory Committee Notes to the 1966 amendment to Rule 19 point out that the analysis begins with whether FreeConference is a party whose joinder is "desirable." The Committee noted that Rule 19(a) "stresses the desirability of joining those persons in whose absence the court would be obliged to grant partial or 'hollow' rather than complete relief to the parties before the court." Fed. R. Civ. P. 19, Advisory Committee Notes to the 1966 Amendment. "The interests that are being furthered here are not only those of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter." *Id*.

Defendant cannot be accorded complete relief on its counterclaim in the absence of FreeConference. Its counterclaim is a compulsory counterclaim and must be asserted in this action.

The allegations of defendant are that plaintiff made payments to FreeConference based on the billings to defendant for access services. If the counterclaim has merit, a failure to join FreeConference would subject plaintiff to liability for all claimed illegal charges. Plaintiff would then be required to file another action seeking contribution or indemnity from FreeConference. This would be inefficient and a waste of judicial resources.

This leaves the issue of whether FreeConference should be joined as a defendant or an involuntary plaintiff.

> The label involuntary plaintiff "is reserved for parties who are forced to join a suit as indispensable parties despite the fact that they are not subject to service of process and thus cannot be included as defendants." *Commercial Union Ins. Co. v. Cannelton Industries, Inc.*, 154 F.R.D. 164, 168 (W.D.Mich.1994).
>> Because such joinder is disfavored, the "proper case" requirement has been interpreted to mean that a party may only be joined as an involuntary plaintiff if that party "(1) has an obligation to permit its name or title to be used to protect rights asserted in the action; (2) is beyond the jurisdiction of the court; and (3) has refused to voluntarily join in the action following notification thereof." *Sheldon v. West Bend Equipment Corp.*, 718 F.2d 603, 606 (3rd Cir.1983) ( *citing Independent Wireless Telegraph Co. v. Radio Corporation of America*, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357 (1926) for support).
> *Hicks v. Intercontinental Acceptance Corp.*, 154 F.R.D. 134, 135 (E.D.N.C.1994).

2

South Dakota ex rel. South Dakota R.R. Authority v. Burlington Northern & Santa Fe Ry. Co., 2003 DSD 12, ¶ 42, 280 F.Supp.2d 919, 935-36.

There is nothing in the record to indicate that FreeConference is not subject to service of process. Therefore, it should be joined as a party defendant, thus allowing MCI Communication Services to assert its claim against it as set forth in the answer and counterclaim.

Now, therefore,

IT IS ORDERED that the motion, Doc. 5, to join Global Conference Partners, LLC d/b/a Quality ConferenceCall.com as a counterclaim defendant is granted.

Dated this 5th day of September, 2007.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY:_____
              DEPUTY
         (SEAL)

3