UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | | |
|---|---|---|
| NORTHERN VALLEY COMMUNICATIONS, LLC, a South Dakota limited liability company, | ) ) ) ) | CIV. 07-1016 |
| Plaintiff, | ) ) | ORDER |
| vs. | ) ) | |
| MCI COMMUNICATIONS SERVICES, INC., d/b/a Verizon Business Services, a Delaware corporation, | ) ) ) ) | |
| Defendant, | ) ) | |
| GLOBAL CONFERENCE PARTNERS, LLC, d/b/a Quality Conferencecall.com, | ) ) ) | |
| Counterclaim Defendant. | ) ) | |
| SANCOM, INC., a South Dakota corporation, | ) ) ) | CIV. 07-4106 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| MCI COMMUNICATIONS SERVICES, INC., d/b/a Verizon Business Services, a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) ) | |
| FREECONFERENCING CORP., a Nevada Corporation, and CITRIX ONLINE LLC, a Delaware Limited Liability Company, | ) ) ) ) ) | |
| Counterclaim Defendants. | | |

Plaintiffs brought suit against MCI Communications Services, Inc., d/b/a Verizon Business Services (Verizon). Verizon filed a 13-count counterclaim against plaintiffs, Global Conference Partners, LLC, Free Conferencing Corp. (Free Conferencing), and Citrix Online LLC (Citrix). A motion entitled "Free Conferencing and Citrix's Motion to Dismiss Verizon's Amended Counterclaims" (motion to dismiss) was filed by attorneys purporting to represent Free Conferencing and Citrix on December 19, 2007. The court denied the motion to dismiss on June 26, 2008. On November 5, 2008, Citrix moved to strike all references to Citrix from the motion to dismiss, the memorandum filed in support of that motion, and the court's order denying the motion, asserting that Citrix did not consent to be part of the motion. On November 19, 2008, Verizon filed a limited stipulation of dismissal, stipulating that all claims and causes of action asserted against Citrix be dismissed with prejudice and without costs to Verizon. The same day, Citrix submitted a notice of need for adjudication of its motion to strike regardless of settlement.

In light of the stipulation of dismissal with respect to Verizon's counterclaims against Citrix, the court finds that Citrix's motion to strike is moot. Mootness is a constitutional doctrine that limits the power of federal courts. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990) ("Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies."). "Simply stated, a case is moot when the issues presented no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496, 89 S. Ct. 1944, 23 L. Ed. 2d 491 (1969). If this case is indeed

moot, the court must refrain from reaching the merits because any opinion issued would be merely "advisory" and rest on hypothetical underpinnings. Lewis, 494 U.S. at 477, 110 S. Ct. 1249.

Based on these principles, the dismissal of Citrix from the action leaves Citrix without a legally cognizable interest in the outcome of the case presently before the court.  As a result, the court lacks the power to resolve Citrix's motion to strike.  It is clear from Citrix's motion and Free Conferencing's response to it that there is a dispute between the parties.  This dispute and any damages that result to Citrix as a result of its name appearing in the motion to dismiss and the court's order on the same involve issues not before the court in this action.  Accordingly, the court declines to insert itself into this interparty dispute.

Based on the foregoing, it is hereby

ORDERED that all claims and causes of action asserted by Verizon against Citrix are dismissed with prejudice and without Verizon bearing Citrix's costs and attorney's fees.

IT IS FURTHER ORDERED that Citrix's motion to strike Citrix from Free Conferencing's motion to dismiss and the court's order on the motion to dismiss (Docket 115) is denied as moot.

Dated January 29, 2009.

                            BY THE COURT:

                            /s/ *Karen E. Schreier*
                            KAREN E. SCHREIER
                            CHIEF JUDGE