UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

*********************************************************************

| | |
|---|---|
| IN RE: ACCESS CHARGE CASES CONSOLIDATED FOR DISCOVERY MATTERS, | CIV. 07-1016-KES/07-4106-KES<br><br>**ORDER ON MOTION TO COMPEL DOC. 148** |

*********************************************************************

Pending is Global Conference Partner's (GCP) Motion to Compel responses to Requests for Admission Nos. 1-18, Substituted Interrogatory Nos. 1, 2, 3, 4, 8, 9, and 12, and Substituted Request for Production Nos. 1, 2, and 3 (Doc. 148, p. 8, CIV. 07-1016). The parties commendably conferred about their discovery disputes. GCP submitted what it calls Substituted Interrogatories and Requests for Production. Verizon calls them Revised Written Discovery Requests. The disputed discovery requests and responses are found in Document 151, Exhibit B. The original Interrogatories and Requests for Production are not addressed here.

This case is one of many similar cases currently pending in the District of South Dakota. Judges Schreier, Piersol, and Kornmann have all written opinions on motions to dismiss claims asserted by parties in those lawsuits. *Sancom, Inc. v. Qwest Communications Corporation*, 2008 WL 2627465 (D.S.D.), *Northern Valley Communications, LLC. v. Qwest Communications Corporation*, 2009 WL 3164856 (D.S.D.), *Splitrock Properties, Inc. v. Qwest Communications Corporation*, 2009 WL 2827901 (D.S.D.), and *Northern Valley Communications LLC. v. AT&T Corp.*, 2009 WL 3150787 (D.S.D.). Suffice it to say all of the cases were started as collection cases by local exchange carriers. The complaints drew counterclaims and third party claims from long

distance carriers asserting traffic pumping and asserting that the services giving rise to the collection claims were not rendered and were not covered by the tariff schedules filed with the FCC and the South Dakota PUC.

**REQUESTS FOR ADMISSION**

GCP moves to compel responses to Requests for Admission Nos. 1-18. Federal Rule of Civil Procedure 36 provides a party may request another party to admit or deny the truth of any matter within the scope of Rule 26(b)(1). The requests may include facts, the application of law to fact, or opinions about either. The answer must specifically deny the request or state in detail why the answering party cannot truthfully admit or deny it. Rule 26(b)(1) provides parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.

For the most part, Verizon's objections are that the requests are vague, overly broad, unduly burdensome, and seek information that is not relevant to the subject matter of this proceeding and are not likely to lead to the discovery of admissible evidence. No privilege objections have been asserted.[1] The requests can be admitted or denied. To the extent the requests cannot be admitted or denied, Verizon can explain in detail why it cannot truthfully admit or deny as Rule 36 directs. With the exception of Request For Admission #9, the requests are not vague, overbroad, or unduly burdensome. Request For Admission #9 is vague and confusing because it contains at least two

---

[1] Verizon has raised the attorney/client privilege objection in the section called "General Objections." There is no identification of specific discovery requests to which the objection applies and no explanation why it applies. Verizon's two pages of general objections and GCP's three pages of general definitions/instructions are like dueling guitars. General definitions or instructions in discovery requests and general objections in responses are generally posturing for future discovery disputes, and are generally viewed by this judge as futile attempts to modify the Rules of Procedure.

2

inquiries, so it is confusing to try to provide a single admission or denial. Regarding the others Verizon need only admit, deny, or explain in detail why the request cannot be admitted or denied.

Verizon argues it would need to identify hundreds of affiliates and thousands of pages to respond to the Requests for Admission. On the contrary, Verizon need only admit, deny, or explain why it cannot admit or deny. Regarding relevancy, GCP asserts the matters are relevant to claims asserted in their counterclaim. Even though it appears later in this opinion that relevancy is questionable, at this stage and based upon the record supplied to decide this motion to compel, it cannot be determined as a matter of law that the subject matters of the Requests for Admission are not relevant. Regarding vagueness as it relates to the terms "resale telecommunications services," "telecommunications services" and "wholesale," Verizon can deny the Request by explaining in detail why the meaning of these terms is vague if it can truthfully do so.

| | | | |
|---|---|---|---|
| 1. | Objection overruled. | Motion GRANTED. | Verizon shall admit or deny. |
| 2. | Objection overruled. | Motion GRANTED. | Verizon shall admit or deny. |
| 3. | Objection overruled. | Motion GRANTED. | Verizon shall admit or deny. |
| 4. | Objection overruled. | Motion GRANTED. | Verizon shall admit or deny. |
| 5. | Objection overruled. | Motion GRANTED. | Verizon shall admit or deny. |
| 6. | Objection overruled. | Motion GRANTED. | Verizon shall admit or deny. |
| 7. | Objection overruled. | Motion GRANTED. | Verizon shall admit or deny. |
| 8. | Objection overruled. | Motion GRANTED. | Verizon shall admit or deny. |
| 9. | Objection sustained. | Motion DENIED. | VERIZON need not admit or deny. The request is vague. It contains at least two inquiries, so a single admission or denial would be confusing. |

10. Objection overruled. Motion GRANTED. Verizon shall admit or deny except as to #9.

11. Objection overruled. Motion GRANTED. Verizon shall admit or deny.

12. Objection overruled. Motion GRANTED. Verizon shall admit or deny.

13. Objection overruled. Motion GRANTED. Verizon shall admit or deny.

14. Objection overruled. Motion GRANTED. Verizon shall admit or deny.

15. Objection overruled. Motion GRANTED. Verizon shall admit or deny.

16. Objection overruled. Motion GRANTED. Verizon shall admit or deny.

17. Objection overruled. Motion GRANTED. Verizon shall admit or deny.

18. Objection overruled. Motion GRANTED. Verizon shall admit or deny.

## SUBSTITUTED INTERROGATORIES

GCP moves to compel answers to Substituted Interrogatory Nos. 1, 2, 3, 4, 8, 9, and 12. Interrogatories 1, 2, and 3 ask Verizon to identify certain entities, but only if Verizon admitted certain related Requests for Admission, e.g. Interrogatory 1:

> With respect to each Request for Admission No. 1, No. 2 and No. 3, if admitted, identify all entities with whom Verizon Business (or any Verizon-affiliated Company) has such a current business relationship.

Verizon responded by saying there is no need to respond because Verizon had not admitted the respective Requests for Admission. Verizon neither admitted nor denied any of the Requests for Admission. Verizon objected to each of the eighteen Requests for Admission. Verizon's objections have been overruled and Verizon has been directed to admit, deny, or explain specifically why each Request for Admission cannot be admitted or denied (except for RFA #9). Verizon's objections to Interrogatories 1, 2, and 3 are overruled. Verizon shall respond to Interrogatories 1, 2, and 3.

Interrogatory 4 asks Verizon to explain "the residential and business calling plans offered by Verizon Business for long-distance telephone Service." Verizon objected asserting boilerplate objections about vagueness, burden, relevancy, and unlikelihood of leading to admissible evidence. The interrogatory is not vague— it asks about Verizon's residential and business calling plans. It is not too broad— it addresses long distance telephone service. It is not too burdensome— explaining one's product happens every day. GCP asserts without citation of authority the information is relevant. Verizon asserts the information is not relevant. Each says the other carries the burden of proof. GCP argues the information about resale and retail based calls would demonstrate that Verizon is not harmed when Verizon callers choose to call GCP conference bridges and to use GCP's conference services. GCP argues the requested materials would show that Verizon continues to earn revenues that exceed its costs of service on such calls. Verizon's claim is that GCP conspired with Northern Valley "to scam millions of dollars from Verizon Business through a fraudulent "traffic pumping" scheme." (Doc. 5). GCP has not explained why continuing to earn revenues that exceed Verizon's costs of service on such calls is a measure of damages for the alleged scam. It appears from the furnished record that Verizon's earnings are not relevant. The money Verizon lost due to the alleged traffic pumping scheme is the amount of the loss. That amount can be determined without regard to Verizon's profits or losses. Hypothetically for illustration, even if Verizon made astronomical profits, it could still have been scammed out of even more money. The scam losses are the measure of loss. It is no defense that Verizon made profits despite the alleged scam. Verizon's relevancy objection to Interrogatory 4 is sustained because GCP has not explained why Verizon's residential and business calling plans are related to a claim or defense in the lawsuit.

Interrogatory 8 asks Verizon to identify average and median percentages of resale based calls delivered by Verizon to Northern Valley from June 2005 to February 2007 and to identify the total amount Verizon was compensated for those calls. Verizon asserted a relevancy objection. The discussion about relevancy regarding Interrogatory 4 applies to Interrogatory 8 as well. Verizon's relevancy objection to Interrogatory 8 is sustained because GCP has not explained why the percentages of calls delivered by Verizon and the amount of money Verizon was paid for delivering the calls are related to a claim or defense in the lawsuit.

Interrogatory 9 asks the same question as Interrogatory 8, but relating to retail-based calls. Verizon asserted the same relevancy objection. The relevancy objection to Interrogatory 9 is sustained for the same reason as explained in the reference to Interrogatories 4 and 8.

Interrogatory 12 asks Verizon to identify all statements made which were admitted in response to Request for Admission 15. The reasons for the ruling regarding Interrogatories 1, 2, and 3 apply to Interrogatory 12 as well. The objection is overruled. Verizon shall respond to Interrogatory 12.

## SUBSTITUTED REQUESTS FOR PRODUCTION[2]

---

[2]Hundreds of pages of documents have been submitted regarding this confusing discovery dispute. Even GCP and Verizon themselves seem confused because both argue about Request for Production 18 (Doc. 151, p. 10 and Doc. 154, p. 7). Request for Production 18 is not a subject of GCP's Motion to Compel (Doc. 148, p. 8). Request for Production 18 (Doc. 151-4) was served after the Motion to Compel was filed. There is no motion or amended motion to compel regarding Request for Production 18, even though the parties argued the matter.

It appears the subject settlement agreement was produced by Verizon, but GCP wants more information about the settlement agreement. GCP concedes the settlement documents are not admissible at trial, but argues they are nonetheless discoverable. Had the motion to compel included Request for Production 18, the motion would have been denied. GCP has received the settlement agreement. The documents surrounding the final agreement are protected: (1) by their non-admissibility under Federal Rule of Evidence 408; (2) the agreement of the parties to the settlement that the settlement is confidential; and (3) the likelihood the documents are protected by the work product doctrine and attorney-client privilege.

GCP seeks responses to Substituted Requests for Production (SFRP) 1, 2, and 3. SRFP 1 states:

> From each list compiled in response to Substituted Interrogatory No. 1, GCP will identify up to 12 contracts which Verizon Business has agreed that it will produce to GCP upon such identification.

Verizon objected:

> Verizon Business objects to this request and incorporates its objections to Substituted Interrogatory No. 1.

GCP's Substituted Interrogatory 1 asks:

> With respect to each Request for Admission No. 1, No. 2, and No.3, if admitted, identify all entities with whom Verizon Business (or any Verizon-affiliated Company) has such a current business relationship.

Verizon objected:

> Verizon Business reiterates its objections to Requests for Admission No. 1, No. 2, and No. 3. Since Verizon Business has not admitted to Requests for Admission No. 1, No. 2 or No.3, no further response is required.

The subject of these dueling utterances is difficult to ascertain. Verizon neither admitted nor denied Requests for Admission 1, 2, or 3. Earlier in this opinion Verizon was directed to admit, deny, or truthfully explain why it cannot admit or deny. If Requests for Admissions 1, 2, or 3, or any of them, are admitted, then Verizon shall respond further to Request for Production 1.

The same competing references about the mysterious lists appear regarding Substituted Request for Production 2 (relating to Interrogatory 2 which in turn relates to Requests for Admission 5, 6, 7, 8, & 9 ) and Substituted Request for Production 3 (relating to Interrogatory 3 which also in turn relates to Requests for Admission 5, 6, 7, 8, & 9). Interrogatories 2 and 3 direct Verizon to identify all parties implicated in the event Verizon admitted any of the pertinent Requests for Admission. If Requests for Admissions 5, 6, 7, 8, & 9 or any of them, are admitted, then Verizon shall respond further to Request for Production 2 and 3.

**ORDER**

It is ORDERED that Global Central Partners' Motion to Compel (Doc. 148) is GRANTED in part and DENIED in part as follows:

GRANTED as to Requests For Admission 1-8, and 10-18. DENIED as to Request For Admission 9.

GRANTED as to Interrogatories 1, 2, & 3. The Interrogatories are conditioned upon Verizon's admission of certain Requests for Admission. In the event the pertinent Requests for Admission are not admitted, then Interrogatories 1, 2, & 3 do not need to be answered.

DENIED as to Interrogatories 4, 8, & 9.

GRANTED as to Interrogatory 12. The Interrogatory is conditioned upon Verizon's admission of Request for Admission 15. In the event that Request for Admission 15 is not admitted, then Interrogatory 12 does not need to be answered.

GRANTED as to Requests for Production 1, 2, & 3. These Requests for Production are conditioned upon answers to Interrogatories 1, 2, & 3, which in turn are conditioned upon Verizon's admission of Requests for Admission 1, 2, 3, 5, 6, 7, 8, 11, 12, 13, &14. (Request For Admission number 9 was included within the discovery document, but is omitted here because Verizon's objection to number nine was sustained). In the event the pertinent Requests for Admission are not admitted, then Requests for Production 1, 2, & 3 do not need to be answered.

It is FURTHER ORDERED that Global Central Partners request for attorneys' fees and costs is DENIED.

It is FURTHER ORDERED that Verizon's responses shall be served upon Global Central Partners not later than January 9, 2010.

Dated this 15th day of December, 2009.

BY THE COURT:

s/John E. Simko
_____
John E. Simko
United States Magistrate Judge