UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | | |
|---|---|---|
| MCI COMMUNICATIONS SERVICES, INC., d/b/a Verizon Business Services, | ) ) ) | CIV. 07-1016-KES |
| Counterclaim Plaintiff, | ) ) | ORDER |
| vs. | ) ) | |
| GLOBAL CONFERENCE PARTNERS, LLC, d/b/a Quality Conferencecall.com, | ) ) ) | |
| Counterclaim Defendant. | ) | |
| | ) | CIV. 07-4106 |
| MCI COMMUNICATIONS SERVICES, INC., d/b/a Verizon Business Services, a Delaware corporation, | ) ) ) ) | |
| Counterclaim Plaintiff, | ) ) | |
| vs. | ) ) | |
| FREECONFERENCING CORP., | ) ) | |
| Counterclaim Defendant. | ) | |

Free Conferencing Corporation moves to amend its first amended answer and counterclaims. The amendment adds additional factual allegations and increases the total damages sought regarding its tortious interference with business relations claim set forth in Count I. It also would dismiss Counts II and III. Verizon Business Services objects to the proposed amendments to Count I, but does not object to the dismissal of Counts II and III.

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleadings "with the opposing party's written consent or the court's leave." A "court should freely grant leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The following factors are relevant when considering a motion for leave to amend a pleading: undue delay, bad faith, dilatory motive on the part of the movant, and undue prejudice to the opposing party. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008).

The first factor, undue delay, weighs in favor of Free Conferencing. Free Conferencing's motion was made in response to evidence that was produced earlier this year during the discovery process. And the proposed amendment does not add a new cause of action, but rather clarifies a cause of action that had previously been pleaded.

The second and third factors are bad faith and dilatory motive. While Free Conferencing did wait until the last moment to file its motion to amend the counterclaims, the court finds there is not credible evidence of bad faith or dilatory motive on the part of Free Conferencing.

The final factor is prejudice to the nonmoving party. No trial date has been scheduled, but the deadline for discovery and summary judgment motions has now passed. If there is any prejudice to Verizon, it can be cured by the court extending those two deadlines to give Verizon an opportunity to conduct limited discovery on the issues directly related to the amendment and to amend its motion for summary judgment to address any new issues in the

amended counterclaim. If Verizon needs such additional time, it should file a motion within five days. As a result, the court finds there is no prejudice to Verizon.

Because all the factors weigh in favor of Free Conferencing, the court grants leave for Free Conferencing to file its motion to amend. It is

ORDERED that Free Conferencing's motion to amend (Docket 206) is granted. Free Conferencing should file its First Amended Answer and Counterclaims by **December 10, 2012**.

IT IS FURTHER ORDERED that Free Conferencing's motion to withdraw its motion to dismiss Counts II and III (Docket 205) is granted.

Dated December 6, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE